**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.R. and C.R.**

**No. 22-0317** (Kanawha County 20-JA-654 and 20-JA-655)

**MEMORANDUM DECISION**

Petitioner Father J.R.[1] appeals the Circuit Court of Kanawha County's March 29, 2022, order terminating his parental rights to E.R. and C.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After filing a petition against the children's mother in December of 2020, the circuit court's preliminary hearing order required petitioner's live-in girlfriend to vacate his home and ordered that she have no "direct or indirect contact" with the children. This was based on the fact that the girlfriend's parental rights to her own children had previously been terminated because of extreme physical injuries she inflicted on a prior boyfriend's child, resulting in the then-four-year-old child being in a coma. The girlfriend was convicted criminally of child neglect creating a substantial risk of bodily injury or death because of this conduct. Petitioner indicated that he would follow the court's directions regarding separation and contact, and the children were permitted to remain in his care.

In June of 2021, the DHHR filed an amended petition against petitioner after receiving information that petitioner's girlfriend bragged to coworkers about locking the children in their room. The petition also alleged that the girlfriend overmedicated the children to make them sleep and that petitioner abused drugs. According to the petition, petitioner's girlfriend had recently been arrested for multiple counts of failure to register as a child abuser and had been located on the same street where petitioner lived with the children. During the subsequent preliminary hearing on the amended petition, petitioner admitted that his girlfriend had "indirect" contact with the children

---

[1]Petitioner appears by counsel Edward L. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Sharon K. Childers appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

following the court's prohibition and he alleged that he ended their relationship. Petitioner also admitted to a past conviction of domestic battery.

Petitioner later stipulated to failure to protect the children, and the circuit court adjudicated him as an abusing and neglecting parent at a hearing in November of 2021. Petitioner moved for a post-adjudicatory improvement period, but the guardian objected based on the results of the children's Child Advocacy Center interviews, in which they disclosed, among other things, physical abuse by petitioner. In opposing the motion, the guardian also cited the severity of the facts underlying the girlfriend's past conduct. The court denied the motion, given that petitioner chose to expose his children to an individual convicted of felony child neglect.

At the final dispositional hearing in February of 2022, petitioner renewed his motion for an improvement period. The court again denied the motion, finding that petitioner's history of failing to follow the court's directives concerning the safety and wellbeing of the children rendered him incapable of satisfying the applicable burden. The court also noted that petitioner's parental fitness evaluation resulted in a poor prognosis for improved parenting within the typical timeframe. Finally, the court cited testimony concerning the children's disclosures regarding petitioner's physical abuse and the environment in the home. The court then moved to disposition, and terminated petitioner's parental rights based on petitioner's history of failing to protect the children, including selecting poor partners; failing to comply with court orders; having a history of domestic violence against multiple partners; abusing poly-substances; minimizing his role in the children's abuse; and defensiveness in his parental fitness evaluation.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner conflates several different issues into a single assignment of error. First, petitioner argues that the circuit court erred in treating this case as one involving aggravated circumstances. Petitioner argues that the facts of his case are not analogous to any of the circumstance set forth in West Virginia Code § 49-4-604(c)(7)(A), which absolves the DHHR of making reasonable efforts to preserve the family when the parent has "subjected the child . . . to aggravated circumstances which include, *but are not limited to*, abandonment, torture, chronic abuse, and sexual abuse." (Emphasis added). Essentially, petitioner ignores the fact that this statute is not exhaustive, therefore permitting other conduct to constitute aggravated circumstances. Here, the circuit court noted the egregious injuries the girlfriend inflicted on the young child of a former paramour and effectively found that petitioner's knowing exposure of the children to his girlfriend, against explicit court order, constituted aggravating circumstances that absolved the DHHR of its duty to preserve the family. We find no error in this regard.

---

[3]The mother's parental rights were also terminated. The permanency plan for the children is adoption together in the current placement.

Petitioner next argues that he should have been entitled to an improvement period because he was willing to correct the conditions of abuse and neglect and undertook efforts to obtain services on his own. We disagree, however, as the circuit court heard evidence that petitioner minimized his abuse of the children. Given that petitioner willfully refused to comply with the court's order to protect his children against the danger his girlfriend posed and then minimized his conduct during his parental fitness evaluation, it is clear that the conditions of abuse and neglect could not be corrected. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (holding that failure to acknowledge "the truth of the basic allegation pertaining to the alleged abuse and neglect . . . results in making the problem untreatable *and in making an improvement period an exercise in futility at the child's expense* (emphasis added)). On appeal, petitioner asserts that he did not appreciate the severity of his girlfriend's conduct until later in the proceedings, but the record shows that his girlfriend's conduct was explained in explicit detail at the preliminary hearing when he was instructed to separate from her and prohibit her contact with the children. In fact, counsel for the DHHR described the girlfriend's conduct as "probably the worst child abuse and neglect case [he had] ever been a part of." As such, it is clear that petitioner chose to violate the circuit court's order with the full knowledge of the injuries a child suffered in his girlfriend's care. Accordingly, we find no error in the denial of petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny an improvement period when no improvement is likely).

This same evidence also supports the court's termination of petitioner's parental rights. While petitioner argues on appeal that he made progress during the proceedings, the court's findings bely this assertion. It is also important to note that petitioner relies heavily on testimony from his therapist, without acknowledging that the court found this witness's testimony to be "inherently biased," which is a credibility determination we decline to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As set forth above, the court outlined petitioner's history of poor decision making and domestic violence against multiple partners, in addition to his physical abuse of the children and his willful refusal to follow the court's directives to ensure their safety. In conjunction with his poor prognosis for improved parenting, this evidence overwhelmingly supports the court's findings in support of terminating petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected"). Accordingly, we find the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn